IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | 1:25-mj-03120-CJC |
| | * | |
| **ANDERSON JOSUE MARTINEZ-MONTENEGRO,** | * | |
| | * | |
| | * | |
| | * | |
| **Defendant** | ****** | |

**MOTION TO REVIEW RELEASE ORDER AND
MOTION TO EXTEND STAY OF RELEASE ORDER PENDING REVIEW[1]**

The United States of America, by and through undersigned counsel, respectfully moves pursuant to 18 U.S.C. § 3145(a)(1), for *de novo* review and revocation of the December 4, 2025 Release Order issued in this case and further moves to extend the stay of the December 4, 2025 Release Order pending *de novo* review by the District Court.

1. On December 2, 2025, the Defendant, Anderson Josue Martinez-Montenegro, was charged via complaint with violating 18 U.S.C. § 111 (assaulting, resisting, or impeding certain officers or employees). The Defendant was arrested on December 2, 2025 and made his initial appearance on the criminal complaint that same day. ECF No. 1.

2. Following a detention hearing on December 4, 2025, the Honorable Chelsea J. Crawford ordered the Defendant's release from pretrial detention over the government's objection.

---

[1] Magistrate Judge Crawford's December 4, 2025 order automatically extends the stay until further order of the presiding District Judge; therefore, the government files this motion in an abundance of caution.

3. Title 18, U.S.C. § 3145(a)(1) provides that, if a magistrate judge orders a Defendant released, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." On the government's motion to review a release order, the court of original jurisdiction considers the denial of pre-trial detention *de novo*. *United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

4. In consideration of the government's pending motion for review and revocation of the release order, the United States requests that the Court extend the stay of the December 4, 2025 Release Order until further order by this Court, including whatever briefing and hearing schedules the Court may set.

5. A stay of the release order is appropriate in this case. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). A court considers four factors in determining whether to stay an appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

6. At the conclusion of the detention hearing, the government moved for an order to stay the Release Order and the Honorable Chelsea J. Crawford verbally ordered a stay until 3:00 pm on the next business day after the date of this order and noted that if the government files a motion for review of the release order before the stay expires, the stay will be automatically extended until further order of the presiding District Judge.

7. If the Court extends the stay as requested, the government respectfully requests the scheduling of a hearing on the detention matter and the submission of parties' memoranda pursuant

to a briefing schedule.

    For these reasons, the government respectfully moves pursuant to 18 U.S.C. § 3145(a)(1), for *de novo* review and revocation of the December 4, 2025 Release Order issued in this case, and further moves to extend the stay of the December 4, 2025 Release Order pending *de novo* review by this District Court.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/ Victoria Liu
Digitally signed by VICTORIA LIU
Date: 2025.12.04 19:07:51 -05'00'

Victoria Liu
Assistant United States Attorney

3

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                  Digitally signed by VICTORIA LIU
                  Date: 2025.12.04 19:10:58 -05'00'

                 Victoria Liu
                 Assistant United States Attorney

4